IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYRONE FAINES, | ) |
| | ) |
|    Movant/Defendant, | ) |
| | ) |
| | ) |
|    v. | ) Crim. No. 04-53-SLR |
| | ) Civ. No. 09-377-SLR |
| | ) |
| UNITED STATES of AMERICA, | ) |
| | ) |
|    Respondent/Plaintiff. | ) |

**MEMORANDUM ORDER**

At Wilmington this 26th day of August, 2013, having reviewed the above captioned case;

IT IS ORDERED that movant Tyrone Faines' ("movant") motion asking for reconsideration (D.I. 92) is **DENIED**, for the reasons that follow:

**1. Background.**  A federal grand jury returned a six-count indictment on September 9, 2004, charging movant with two counts each of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371. Counts I, II, and III related to a robbery of Sun National Branch and Counts IV, V, an VI related a robbery of Artisans' Bank. *United States v. Faines*, 216 F. App'x 227, 228 (3d Cir. 2007).

2. On March 30, 2005, following a three day trial, the jury returned a guilty verdict on Counts I, II, and III (the Sun National Bank counts), but acquitted movant on the remaining three counts (the Artisans' Bank counts). The court sentenced movant

on August 17, 2005 to 360 months in prison and entered its judgment of conviction on August 23, 2005. *Id.* at 229.

3. Movant timely appealed the conviction and sentence on August 26, 2005, asserting the following two ground for relief: (1) the court abused its discretion in limiting the expert witness testimony of movant's fingerprint expert; and (2) the court erred in its sentencing guidelines calculation. *Id.* at 229-32. After rejecting both arguments, the Third Circuit affirmed movant's conviction and sentence on February 14, 2007. *Id.* at 232.

4. Movant petitioned for certiorari on May 15, 2007. The United States Supreme Court denied the petition on October 1, 2007. *See Faines v. United States*, 552 U.S. 847 (Oct. 1, 2007).

5. In May 2009, movant filed a § 2255 motion alleging ineffective assistance of counsel and "actual innocence." The government filed an answer contending that the motion should be denied as time-barred. (D.I. 81) Movant filed a reply contending that the § 2255 motion is not untimely because he is actually innocent. (D.I. 89)

6. In a memorandum opinion and order dated August 29, 2011, the court dismissed movant's § 2255 motion as time-barred. (D.I. 90; D.I. 91)

7. Movant filed a motion for reconsideration dated September 19, 2011, and docketed September 23, 2011. (D.I. 92)

**8. Standard of Review.** A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar

2

functions, each has a particular purpose. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance,"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances*, Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

9. In contrast, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

10. Whether filed pursuant to Rule 59(e) or Rule 60(b), a motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

**11**. **Discussion**. Movant has not identified the authority by which he is seeking reconsideration. However, because movant filed the instant motion within 28 days after

3

the entry of the court's judgment, the court will treat the motion as filed pursuant to Rule 59(e). *See, e.g.*, *Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); *Ranklin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e).").

12. In his motion, movant asks the court to reconsider its determination that the doctrine of equitable tolling is inapplicable to his case. Specifically, he asks the court to reconsider the facts regarding his claim of actual innocence, as well as the facts demonstrating that the Sun National Bank at issue was not federally insured at the time of the robbery. (D.I. 92)

13. The court has already considered, and rejected, movant's argument for equitable tolling in context with the "facts" he asserts in the instant motion. Therefore, movant has failed to present the court with any reason warranting reconsideration of its decision.

14. In addition, to the extent one may be necessary, the court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

IT IS FURTHER ORDERED that the clerk of the court shall close the case.


UNITED STATES DISTRICT JUDGE

4