IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYRONE FAINES, )<br>)<br>Movant/Defendant, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES of AMERICA, )<br>)<br>Respondent/Plaintiff. ) | Crim. No. 04-53-SLR<br>Civ. No. 13-1470-SLR |

**MEMORANDUM AND ORDER**

1. **Background.** In 2005, movant was convicted of armed robbery, carrying a firearm during a crime of violence, and conspiracy to commit bank robbery. He was sentenced to 360 months in prison. Movant timely appealed the conviction and sentence on August 26, 2005, asserting the following two ground for relief: (1) the court abused its discretion in limiting the expert witness testimony of movant's fingerprint expert; and (2) the court erred in its sentencing guidelines calculation. *See United States v. Faines,* 216 F. App'x 227, 229-32 (3d Cir. 2007). After rejecting both arguments, the Third Circuit affirmed movant's conviction and sentence on February 14, 2007. *Id.* at 232.

2. Movant petitioned for certiorari on May 15, 2007. The United States Supreme Court denied the petition on October 1, 2007. *See Faines v. United States,* 552 U.S. 847 (Oct. 1, 2007).

3. In May 2009, movant filed a § 2255 motion alleging ineffective assistance of counsel and "actual innocence." The government filed an answer contending that the motion should be denied as time-barred. (D.I. 81) Movant filed a reply contending that

the § 2255 motion was not untimely because he is actually innocent. (D.I. 89) In a memorandum opinion and order dated August 29, 2011, the court dismissed movant's § 2255 motion as time-barred. (D.I. 90; D.I. 91)

4. Movant filed a motion for reconsideration, contending that his § 2255 motion was timely filed because his claim of actual innocence triggered the doctrine of equitable tolling. He asked the court to reconsider the facts regarding his claim of actual innocence, as well as the facts demonstrating that the Sun National Bank at issue was not federally insured at the time of the robbery. (D.I. 92) The court denied the motion for reconsideration because it had already considered, and rejected, movant's argument for equitable tolling when it denied his § 2255 motion. (D.I. 96)

5. Presently pending before the court is movant's second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 94) In the instant § 2255 motion, movant contends that: (1) he has newly discovered evidence demonstrating that the bank he robbed was not insured by the FDIC which, in turn, establishes his actual innocence; (2) the holding in *McQuiggin v. Perkins,* 133 S.Ct. 1924 (2013), constitutes a new rule of law applicable on collateral review and demonstrates that his claim of actual innocence triggers the equitable tolling doctrine; and (3) he is entitled to an evidentiary hearing.

6. **Standard of Review.** Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner cannot file a second or successive motion under 28 U.S.C. § 2255 without first seeking and receiving approval from the appropriate court of appeals. *See* 28 U.S.C. § 2255 (h); 28 U.S.C. § 2244(b)(3)(A); Rule 9, Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. Absent such

2

authorization, a district court lacks jurisdiction to consider the merits of a subsequent § 2255 motion. See 28 U.S.C. § 2244(b)(4); *Pelullo v. United States*, 487 F. App'x 1, 2 n.2 (3d Cir. 2012); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

7. **Discussion.** The denial of movant's first § 2255 motion as time-barred constitutes an adjudication on the merits for second or successive purposes. See *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005)(holding that the dismissal of a § 2254 petition as time barred constitutes an adjudication on the merits for successive purposes); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003)(holding that "a statute of limitations bar is not a curable technical or proceudural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"). Movant presented the same "actual innocence" argument in his first § 2255 motion. Therefore, the court concludes that the instant application constitutes a second or successive § 2255 motion for the purposes of 28 U.S.C. § 2244. See *Benchoff v. Colleran*, 404 F.3d 812, 817-18 (3d Cir. 2005).

8. Movant attempts to avoid the second or successive bar by arguing that the FDIC documentation constitutes "newly discovered evidence" for § 2255(h)(1) purposes, and that the holding announced in *McQuiggin* constitutes a "new rule of constitutional law" for § 2255(h)(2) purposes. However, the Third Circuit Court of Appeals, and not this court, must determine whether or not the FDIC documentation and *McQuiggin* trigger the §2255(h)(1) and (2) exceptions to the second or successive bar. See 28 U.S.C. § 2255(h).

9. The record does not contain any indication that movant obtained an order

from the Third Circuit Court of Appeals allowing this court to consider the instant second or successive § 2255 motion. Therefore, the court will dismiss the instant motion for lack of jurisdiction. See 28 U.S.C. § 2244(b)(1); Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002)(if a movant files a second or successive motion "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the [motion] or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

10. The court will also decline to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997).

11. **Conclusion.** For the above reasons, the court will dismiss the instant application as second or successive. A separate order shall issue. See Fed. R. Civ. P. 58(a)("every judgment must be set out in a separate document").

Dated: December 11, 2013

_____
UNITED STATES DISTRICT JUDGE