IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | Criminal Action No. 04-53 (MN) |
| ) | |
| TYRONE FAINES, ) | |
| ) | |
| Defendant/Movant. ) | |
| _____ ) | |

# MEMORANDUM ORDER[1]

At Wilmington, this 13th day of August 2025:

## I.  INTRODUCTION

Movant Tyrone Faines ("Petitioner") filed a letter asking the Court: (1) if his past convictions for escape and attempted escape are still considered crimes of violence pursuant to 18 U.S.C. § 751; (2) if he is still considered a "career offender" under U.S.S.G. § 4B1.1; and (3) to appoint counsel to look into whether he could pursue relief via a motion filed pursuant to 18 U.S.C. § 3582(c)(1)(A). (D.I. 108). The Court liberally construed the letter to be a motion filed pursuant to 18 U.S.C. § 3582(c)(1)(A) seeking to modify his 360-month sentence because he no longer qualifies as a career offender under the Sentencing Guidelines. (D.I. 109). The Government filed a Response in opposition, to which Movant filed a Reply. (D.I. 112; D.I. 113). On August 6, 2024, the Court issued an Order staying the instant matter pending the "Third Circuit's resolution of issues central to this Motion in *United States v. Rutherford*, No. 23-194 (3d Cir.)." (D.I. 115). The Third Circuit has since decided *Rutherford*. *See United States v. Rutherford*, 120 F.4th 360

---

[1]   This case was reassigned to the undersigned's docket on September 21, 2018.

(3d Cir. 2024). Therefore, the Court will lift the stay. Nevertheless, for the reasons stated below, the Court will deny Movant's § 3582(c)(1)(A) Motion.

## II.     BACKGROUND

On January 14, 2004, two masked individuals robbed a branch of Sun National Bank in downtown Wilmington, Delaware. *See United States v. Faines*, 216 F. App'x 227, 228 (3d Cir. 2007). Wilmington Police Department Officer Philip Jackson lifted seven latent fingerprints from the bank immediately following the robbery. Less than one month later, on February 3, 2004, two masked individuals robbed a branch of Artisans' Bank, also in downtown Wilmington. Surveillance cameras outside of Artisans' Bank captured pictures of the robbers' getaway car. The robberies followed a similar pattern, in which one armed individual stood guard at the bank's front, while the second individual jumped over the teller counter and collected money from bank employees. *Id*.

On February 19, 2004, Wilmington Police Department officers spotted a car that matched the getaway car. Instead of heeding the officers' signal to stop, the car's driver, later identified as Movant, led police on a high-speed chase, during which the passengers threw guns and clothing out of the car's windows. Police subsequently arrested Movant and inked his fingerprints and palm prints. The fingerprints matched the prints taken at the scene of the Sun National Bank robbery. In addition, evidence recovered from Movant's car included robbery-related items. *Id*.

A federal grand jury returned a six-count indictment on September 9, 2004, charging Movant with two counts each of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371. Counts I, II, and III related to the Sun National Branch robbery and Counts IV, V, an VI related to the Artisans' Bank robbery. *Id*.

On March 30, 2005, following a three-day trial, the jury returned a guilty verdict on Counts I, II, and III (the Sun National Bank counts), but acquitted movant on the remaining three counts (the Artisans' Bank counts). The Honorable Sue L. Robinson sentenced Movant as a career offender on August 17, 2005 to 360 months in prison and entered a judgment of conviction on August 23, 2005. *Id*. at 229. Movant did not object to his designation as a career offender at sentencing. *Id*. at 231.

Movant timely appealed the conviction and sentence on August 26, 2005, asserting the following two grounds for relief: (1) the court abused its discretion in limiting the expert witness testimony of movant's fingerprint expert; and (2) the court erred in its sentencing guidelines calculation. *Id*. at 229-32. After rejecting both arguments, the Third Circuit affirmed Movant's conviction and sentence on February 14, 2007. *Id*. at 232.

Movant petitioned for certiorari on May 15, 2007. The United States Supreme Court denied the petition on October 1, 2007. *See Faines v. United States*, 552 U.S. 847 (Oct. 1, 2007).

In May 2009, Movant filed a § 2255 motion alleging ineffective assistance of counsel and "actual innocence." (D.I. 78). Judge Robinson denied the § 2255 Motion as time-barred on August 30, 2011. (D.I. 90; D.I. 91).

Petitioner filed another § 2255 motion in August 2013, reasserting his actual innocence. (D.I. 94). Judge Robinson denied the motion for lack of jurisdiction in December 2013 because it was an unauthorized second or successive § 2255 motion. (D.I. 90; D.I. 99).

In 2016, acting on Movant's behalf, the Office of the Federal Public Defender for the District of Delaware filed in the Third Circuit an application for leave to file a second or successive § 2255 motion. (D.I. 107). Movant argued that, in light of *Johnson v. United States*, 576 U.S. 591 (June 26, 2015), he no longer qualified as a career offender because his prior convictions were not

3

crimes of violence under the residual clause of U.S.S.G. § 4B1.1. (D.I. 107). The Third Circuit denied the application on May 26, 2017, holding that *Johnson* did not announce a new rule of constitutional law invalidating U.S.S.G. § 4B1.2(a)'s residual clause. (*See* D.I. 107-1). Thereafter, Movant voluntarily dismissed his then-pending § 2255 motion. (D.I. 107 at 2).

## II.  DISCUSSION

Movant was sentenced as a career offender to 360 months of imprisonment and five years of supervised release. He was deemed a career offender with the meaning of U.S.S.G. § 4B1.1 based on prior convictions for armed bank robberies, bank robberies, attempted prison escape, and escape. (D.I. 100-2 at 2; D.I. 112 at 4). In his construed Motion, Movant asks the Court to modify his sentence because his prior convictions for attempted escape and escape no longer qualify as crimes of violence, which means he is no longer a career offender under U.S.S.G. § 4B1.1. (D.I. 108). In his Reply to the Government's Response, Movant cites, *inter alia*, *Chambers v. United States*, 555 U.S. 122 (2009) (concluding that at least some escape convictions do not qualify as ACCA predicate convictions) to support his argument that he no longer qualifies as a career offender due to a change in law. He also adds one explicit and one implicit argument for relief: (1) he explicitly argues that his sentence should be modified because the Government relied on an incorrect PSR and the Court sentenced him outside the Sentencing Guidelines (D.I. 113 at 1);[2] and

---

[2]  Movant has filed three prior § 2255 motions. His argument that his prior convictions for escape no longer constitute predicate offenses for his career offender designation under the Sentencing Guidelines is similar to the argument he raised in the § 2255 motion filed in 2016 and constitutes a second or successive request for § 2255 relief. Because Movant's argument concerning an incorrect PSR and being sentenced outside the Sentencing Guidelines challenges the validity of the sentence that was originally imposed, it also must be treated as a second or successive request for relief under § 2255. *See United States v. Springer*, 2021 WL 318590, at *2 (S.D.W.Va. July 26, 2021) ("While a motion made pursuant to 18 U.S.C. § 3582(c)(1)(A) permits a court to review a case for 'extraordinary and compelling reasons' warranting compassionate release, it does not replace the established mechanism for challenging the validity of a sentence. Nor does it allow the

(2) he implicitly argues that his sentence should be modified because it is unusually long (*id.*).[3] Movant also asserts he will turn 70 "on his next birthday," he has a Chronic Care Level 2 medical condition, and he has served 19 years of his 30 year sentence. (*Id*. at 1-2).

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007). One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582, which provides, in relevant part:

> (c) **Modification of an Imposed Term of Imprisonment**. The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
> >
> > (i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

defendant to make arguments that were, or could have been, raised in direct appeal collateral review."). Movant has not sought authorization with the Third Circuit to file a "second or successive" § 2255 motion. Thus, the Court lacks jurisdiction to consider these arguments on their own.

[3]   Movant asserts, "Because of the lengthy sentence [he] received he was not able to spend time with his mother before she passed away." (D.I. 113 at 1).

18 U.S.C. § 3582(c). In 2023, the Sentencing Commission issued a policy statement defining "extraordinary and compelling" reasons for prisoner-filed motions for reduction of sentences under § 3582(c)(1)(A). *See* U.S.S.G. § 1B1.13 ("the Policy Statement"). The Policy Statement largely restricts "extraordinary and compelling reasons" to: (1) terminal illness; (2) complications in old age; (3) unique family circumstances; (4) victim of abuse; (5) "other reasons" as determined by the Director of the BOP; and (6) an unusually long sentence where the defendant has served at least 10 years of the term of imprisonment. *See* U.S.S.G. § 1B1.13(b). The Policy Statement also provides that:

> Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13I.

Movant has the burden to show he is entitled to a sentence reduction. To obtain relief under § 3582(c)(1)(A)(i), Movant must show that (1) he has met the exhaustion requirement or the requirement is otherwise excused, (2) "extraordinary and compelling reasons" warrant a reduction of his sentence,[4] and (3) a reduction is consistent with the factors set forth in section 3553(a).

---

[4] Subsequent to the issuance of the Policy Statement, the Third Circuit explained,

> our approach to compassionate release motions runs a similar course as that laid out in *Concepcion* [*v. United States*, 597 U.S. 481 (2022)] concerning First Step Act motions. Once a defendant successfully shows "extraordinary and compelling circumstances," then the district court may consider intervening changes in the law as part of the sentence-reduction inquiry.

Courts have addressed these factors in sequence. *See United States v. Leonard*, 2020 WL 3207085, at *2 (D. Del. June 15, 2020).[5]

The Government opposes the instant Motion for three reasons: (1) Movant has not met the exhaustion requirement of § 3582(c)(1)(A); (2) even if Movant no longer qualifies as a career offender,[6] a non-retroactive change in sentencing law does not provide an "extraordinary and compelling" reason to justify his release; and (3) Movant has not addressed the factors set forth in 18 U.S.C. § 3553(a) and, therefore, fails to demonstrate that the § 3553(a) factors support his release. (D.I. 112 at 1).

### A.  **Exhaustion Requirement**

A prisoner's failure to comply with § 3582's exhaustion requirement "presents a glaring roadblock foreclosing compassionate release[.]" *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Notably, the exhaustion requirement "is mandated by statute and cannot be waived by the

---

*United States v. Stewart*, 86 F.4th 532, 535 (3d Cir. 2023).

Although the Third Circuit recently "reaffirmed that nonretroactive changes in sentencing laws are not, by themselves, extraordinary and compelling reasons warranting sentence reduction," *United States v. Kramer*, 2024 WL 313389, at *3 (3d Cir. Jan. 26, 2024), it also recently stated that, "We are not suggesting that a change in law could never be considered in the compassionate release eligibility context . . . [only] that the First Step Act's change to § 924(c) cannot be considered in that context, on its own or with other factors, because of Congress's explicit instruction in that statute that the change be nonretroactive." *Rutherford*, 120 F.4th at 377 n.23.

[5]  In *Leonard,* the court included an additional factor – that the defendant show "an absence of dangerousness," which is found in the policy statement. *Leonard,* 2020 WL 3207085, at *2. Since *Leonard*, however, the Third Circuit has made clear that the "policy statement requiring the absence of dangerousness [is] nonbinding." *United States v. Hurd*, 2022 WL 17352168, at *1 (3d Cir. Dec. 1, 2022).

[6]  The Government does not offer an opinion as to whether Movant would still qualify as a career offender. Given the Court's conclusion that Movant has failed to satisfy the exhaustion requirement, the Court refrains from addressing this issue as well.

court or the government." *United States v. Jeffries*, 2021 WL 2000555, at *5 (W.D. Pa. May 19, 2021). Therefore, the "exhaustion requirement is strictly construed, and courts within the Third Circuit hold that 'issue exhaustion' applies to § 3582(c)(1)(A)." *Id*. at *5-7.

Movant is housed at Gilmer Federal Correctional Institution in West Virginia, and he asserts that he exhausted his administrative remedies before submitting the instant Motion. Although he has not provided a copy of his request for compassionate relief, he has provided a copy of Warden Hudgins' denial of his § 3582 request for a reduction in sentence. Warden Hudgin's denial is dated September 4, 2020, and pertains to Movant's request for a reduction in sentence based on Movant's "concern about being potentially exposed to, or possibly contracting, COVID-19." (*Id*.). The denial does not reference Movant's argument that a change in law has affected his career offender status, or his arguments regarding a lengthy sentence and being sentenced outside the sentencing guidelines range.

Based on the foregoing, the Court finds that Movant has failed to exhaust his administrative remedies with respect to the arguments raised in his construed § 3582(c)(1)(A) Motion and Reply and will deny the instant Motion.

### III.   CONCLUSION

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that

1. The Stay imposed on August 22, 2024 (D.I. 108) is LIFTED.

2. Movant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (D.I. 108) is DENIED.

The Honorable Maryellen Noreika
United States District Judge